**BADE BASKIN RICHARDS PLC**
80 East Rio Salado Parkway, Suite 511
    Tempe, Arizona 85281
 Telephone No. 480-968-1225
    Facsímile 480-968-6255
E-mail:  brichards@bbrplc.com
         anash@bbrplc.com

Name and State Bar No.:   William A. Richards #013381
                          Alexandra Mijares Nash #023364

*Attorneys for Plaintiffs Estée Lauder Cosmetics, Ltd*
*and Make-Up Art Cosmetics, Inc.*

## IN THE UNITED STATE DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ESTÉE LAUDER COSMETICS LTD., a Canadian corporation; and MAKE-UP ART COSMETICS INC., a Delaware corporation, | Case No. |
| | |
| Plaintiffs, | **COMPLAINT** |
| | |
| vs. | **(Jury Trial Demanded)** |
| | |
| GET YOUR MAC ON, LLC, an Arizona limited liability company; YVONNE VITALE aka CARMELIA YVONNE VITALE, a single female; and DANIEL HIRALEZ, a single male; BLACK & WHITE CORPORATIONS I-X. | |
| | |
| Defendants. | |

        Plaintiffs Estée Lauder Cosmetics Ltd. and Make-Up Art Cosmetics Inc., by and through the undersigned counsel, as and for their complaint against Get Your MAC On, LLC, Yvonne Vitale and Daniel Hiralez (hereinafter collectively referred to as "Defendants"), allege as follows:

**NATURE OF THE CASE**

1.     This action arises from Defendants' knowing and willful  trading in counterfeit products, unfair competition, trademark and trade dress infringement and from Defendants' unauthorized use of Plaintiffs' popular trademarks and trade dress, in direct violation of Estée Lauder Cosmetics Ltd. ("Estée Lauder") and Make-Up Art Cosmetics Inc.'s ("M·A·C") valuable property rights and business expectancies.   Specifically, Defendants have been unlawfully using, without Plaintiffs' authorization or consent, Plaintiffs' trademarks and trade dress on their website and in connection with their marketing, sale, offering for sale and distribution of counterfeit goods that are falsely represented as products manufactured and/or distributed by the Plaintiffs.   Defendants' improper conduct is likely to cause consumer confusion or mistake, or to deceive the public into believing that Defendants' goods originate with Plaintiffs, are manufactured or distributed by Plaintiffs, are sponsored by Plaintiffs, or are offered under Plaintiffs' supervision and control.   Defendants' actions are therefore likely to, and, on information and belief, are in fact causing diversion of business and profits from Plaintiffs, dilution of the value of Plaintiffs' protected proprietary marks and trade dress, and harm to Plaintiffs' business reputation within both its wholesale and retail distribution channels.   Defendants' unlawful actions are causing, and are likely to continue to cause, irreparable harm to Plaintiffs, including damage to the substantial value, goodwill and reputation earned by Plaintiffs, their products and their proprietary marks and trade dress.

2.     On multiple occasions, Plaintiffs have notified Defendants of their unauthorized and infringing use of Plaintiffs' protected proprietary marks and trade dress, and of their unauthorized dealing in counterfeit goods, and have requested that Defendants cease their infringing use of Plaintiffs' valuable marks and unauthorized marketing and sale of counterfeit goods.   Defendants have failed to respond to Plaintiffs' requests, thereby leaving Plaintiffs no choice but to seek the Court's assistance to stop the continued violation of the Plaintiffs' rights and to remedy the harm done to the Plaintiffs.

3.     Accordingly, by this action, Plaintiffs seek, among other appropriate relief:

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

(i)     A preliminary injunction and a final order of injunction requiring Defendants to cease and desist (a) manufacturing, advertising, marketing, promoting, offering to sell, selling, importing, exporting, storing, maintaining or distributing counterfeit M·A·C goods or products; (b) infringing, counterfeiting or diluting Plaintiffs' marks and/or trade dress; (c) utilizing or employing any of Plaintiffs' marks or trade dress on any websites or other internet advertising.

(ii)     A preliminary injunction and a final order of injunction requiring Defendants to immediately cease and desist their advertising, marketing, sale or distribution in any way of any products represented by use of marks, trade dress or otherwise as manufactured by or with the authority of, sourced or originated from, or sold or otherwise distributed by either of the Plaintiffs, and all other products whose nature, look and feel, components, names, packaging, marketing or other characteristics are likely to confuse or mislead the public about any association of the products with either of the Plaintiffs or their products;

(iii)     A preliminary injunction and a final order of injunction requiring that Defendants forfeit all counterfeit product(s) they have in their possession, custody or control; and

(iv)     A judgment awarding to Plaintiffs all damages they have incurred as a result of Defendants' wrongful conduct, as well as reasonable attorneys' fees, costs and treble and/or punitive damages.

## PARTIES

4.     Plaintiff Estée Lauder Cosmetics Ltd. is a Canadian corporation with its principal place of business at 767 Fifth Avenue, New York, New York 10153.  Estée Lauder is an indirect wholly-owned subsidiary of The Estée Lauder Companies Inc. and  it owns all rights and interest in certain trademarks and/or trade names associated with the M·A·C brand of cosmetic products, including without limitation the marks specifically identified in paragraph 16 below (hereafter, collectively, the "M·A·C Marks").  Plaintiffs or their

affiliated companies own or have the exclusive right to use the formulations, trade dress, and look and feel of cosmetic products sold under the M·A·C Marks.

5. Plaintiff Make-Up Art Cosmetics, Inc. is a Delaware corporation with its principal place of business at 767 Fifth Avenue, New York, New York 10153. M·A·C is a wholly-owned subsidiary of The Estée Lauder Companies Inc. and owns or is the exclusive licensee of the M·A·C Marks.

6. Defendant Get Your MAC On, LLC ("GYMO") is an Arizona limited liability company that was established on or about December 15, 2011 and is currently in good standing with its principal place of business in Maricopa County, Arizona. GYMO has taken actions or caused events to occur in Maricopa County, Arizona out of which the claims in this action arise.

7. Defendant Yvonne Vitale ("Vitale") is an individual residing in Maricopa County, Arizona, who, at all times relevant to this dispute was, and still is, a managing member of GYMO. At all times relevant to the dispute, Vitale had full power and control over the acts of GYMO and authorized all acts to benefit her own interests. Vitale has, on information and belief, taken actions or caused events to occur in Maricopa County, Arizona out of which the claims in this action arise.

8. Defendant Daniel Hiralez ("Hiralez") is an individual residing in Maricopa County, Arizona, who, at all times relevant to this dispute, was a managing member of GYMO. At all times relevant to the dispute, Hiralez had full power and control over the acts of GYMO and authorized all acts to benefit his own interests. Hiralez was removed as a member of GYMO on or about September 11, 2012. On information and belief, Hiralez has taken actions or caused events to occur in Maricopa County, Arizona out of which the claims in this action arise.

9. On information and belief, GYMO was and is, at all times relevant to the dispute, the alter ego of Defendants Vitale and Hiralez.

10. Defendants Black & White Corporations I-X are business entities which, upon information and belief, reside and/or conduct business within this judicial district.

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

4

Moreover, upon information and belief, Black & White Corporations I-X are directly engaged in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendants and are therefore also liable for infringement upon Plaintiffs' protected marks and trade dress, for unfair competition, and for wrongful and intentional interference with Plaintiffs' business and business expectancies.  Plaintiffs are currently unaware of the true names of Black & White Corporations I-X.  Plaintiffs will amend this Complaint upon discovery of the identities of such fictitious Defendants.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, in that Plaintiffs are alleging claims under, inter alia, the Lanham Act, 15 U.S.C. §§ 1114 and 1125.  The Court has jurisdiction over Plaintiffs' common law and state law claims pursuant to 28 U.S.C § 1367.

12.    Venue is proper herein pursuant to 28 U.S.C. § 1391(a)(1), in that Defendants are entities or individuals subject to the personal jurisdiction of this district.

13.    Venue also is proper herein pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this district.

## FACTS

### M·A·C and Its Valuable Trademarks and Trade Dress

14.    Founded in 1946, The Estée Lauder Companies Inc. is a technologically advanced, innovative company that has gained a worldwide reputation for elegance, luxury and superior quality.  Its products come with a promise to uphold the finest standards of excellence.  The Estée Lauder Companies and its subsidiaries, including the Plaintiffs, are known for their skincare, makeup, hair care and fragrance products.

15.    M·A·C was established in Toronto, Canada in 1984.  The Estée Lauder Companies Inc. fully acquired M·A·C and all its licensing and trademark rights in 1998.  Since its inception, M·A·C has established a name and marks that are known for producing the finest quality prestige makeup.  M·A·C is one of the most recognized

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

cosmetic and beauty product marks in the world.  The M·A·C Marks have substantial value and goodwill.  The purchasing public has confidence in the products, their quality, reliability and value.

16.     The M·A·C Marks include certain trademarks registered with the United States Patent and Trademark Office ("USPTO") by the Plaintiffs.

17.     There are approximately 113 M·A·C Marks that are registered with the USPTO.  M·A·C's first mark was registered with the USPTO in 1988 with the most recent mark being registered in December of 2012.   A list of USPTO-registered M·A·C Marks is attached as Exhibit "A" to this Complaint.

18.     In addition to several house marks, Plaintiffs have numerous secondary marks Defendants are infringing upon.  Examples of these secondary M·A·C Marks are:

| Trademark | Registration Date | Registration Number |
|-----------|-------------------|---------------------|
| Dazzleglass | November 30, 2007 | 3,599,599 |
| Mineralize | April 4, 2008 | 77,44,0515 |
| Opulash | March 19, 2008 | 77,426,330 |
| Viva Glam | February 6, 1996 | 75,053,966 |

19.     Plaintiffs or their affiliated companies further own the common law rights associated with all M·A·C Marks.

20.     Plaintiffs have also developed, at considerable expense and effort, product formulations, packaging, look and feel and other characteristics (hereafter, the "Trade Dress") of the products sold by M·A·C using the M·A·C Marks (the M·A·C Marks and Trade Dress are collectively referred to as the "M·A·C IP").   Those characteristics include combinations of packaging material, product and packaging shapes, product and packaging colors, type fonts, words, and/or other characteristics that make M·A·C products recognizable to the public.   Such characteristics have become intimately associated with M·A·C, add value to the M·A·C products, increase the products' reputation and increase the confidence the purchasing public has in the quality, reliability and value of those products.

21.     Plaintiffs have been using the M·A·C IP in commerce and in connection with offering and selling their products continuously since at least as early as 1988.

22.     Since their first use, the M·A·C IP for cosmetic and beauty products and services have helped the M·A·C brand become an enormously popular and widely recognized brand both domestically and internationally.

23.     Since 1988, Plaintiffs have continuously and extensively promoted, offered and sold cosmetics and beauty products in interstate commerce under, and in connection with, the M·A·C IP unique to M·A·C products.

24.     Genuine M·A·C products are available at M·A·C authorized retail stores, the majority of which are M·A·C boutiques, major department stores, international perfumeries and online via M·A·C's internet web store located at www.maccosmetics.com as well as other authorized online stores.

25.     During its years of continuously using the M·A·C IP Plaintiffs have spent substantial amounts of money to maintain quality standards for all the M·A·C products. All products sold by M·A·C undergo vigorous testing and quality control standards to ensure their effectiveness and safety for consumers.

26.     M·A·C products are of the highest quality and the M·A·C IP is therefore known for identifying only the finest quality prestige makeup and beauty products.

27.     Plaintiffs spend millions of dollars annually advertising and promoting M·A·C products.   M·A·C and its products have received widespread media attention and many A-list celebrities are associated with M·A·C giving the brand even higher recognition.

28.     As a result of Plaintiffs' continuous, extensive and exclusive use of the M·A·C Marks and Trade Dress, the M·A·C IP has become distinctive in the minds of consumers and is widely recognized throughout the world.  The consuming public recognizes the M·A·C IP to identify M·A·C's products, and associates the M·A·C IP with M·A·C and its products exclusively.   M·A·C has built a superior reputation in the United States and in over 70 countries with respect to its products due to the consistent quality of those products marketed under and in association with the M·A·C IP.

29.    At all material times, Defendants had full knowledge of Plaintiffs' ownership of the M·A·C IP.  Defendants were also aware at all material times that ownership of the M·A·C IP rights conferred important and valuable rights on the Plaintiffs and that the M·A·C IP created perceptions of quality and value in products using such marks and trade dress and made such products more desirable for purchase by potential consumers.

**Defendants' Infringing Activities and Other Wrongful Conduct**

30.    Plaintiffs have discovered that Defendants have and still are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products which are copies of M·A·C products and that bear one or more of the M·A·C Marks and mimic the Trade Dress of actual M·A·C products.

31.    GYMO is not an authorized direct or indirect M·A·C retailer.  Plaintiffs have not consented, and do not consent, to Defendants' sale or distribution of any M·A·C products, sale or distribution of any products represented as M·A·C products or using the same or similar trade dress as that used by actual M·A·C products, or use of any of the M·A·C Marks or any other substantially or misleadingly similar marks or trade dress.  M·A·C has not authorized Defendants to use the M·A·C IP used in connection with M·A·C products in connection with the sale and/or advertising of counterfeit makeup or beauty products.

32.    On information and belief, Defendants Vitale and Hiralez willfully and with full knowledge participated in GYMO's infringement and sale of the counterfeit products.

33.    Defendants advertise, distribute, sell and/or offer to sell counterfeit M·A·C products on the Internet, and have done so in the past.  Specifically, they have done so and continue to do so using the internet address of www.getyourmacon.com.

34.    On information and belief, Defendants have advertised, distributed, sold and/or offered to sell counterfeit M·A·C products with knowledge that consumers will mistake the counterfeit products for the genuine, well-known, high quality products offered for sale by Plaintiffs.

35.    Defendants are using the M·A·C IP improperly to confuse or to deceive the public into believing that Defendants' products originate with, are manufactured by, or are

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

sponsored by and/or offered with the approval of Plaintiffs, or that the products are offered with and under Plaintiffs' supervision and control.

36.    Defendants' website contains false statements intended to deceive the consuming public to the detriment of Plaintiffs.  Among the false statements are assertions that "[a]ll our products are 100% AUTHENTIC M.A.C., no fakes here!" and that consumers may "[b]uy here with confidence."

37.    Defendants' website further deceives consumers by representing that the products sold are not replicas but genuine "overstock" products.  Defendants' website uses M·A·C IP and M·A·C's own advertising and product images to deceive consumers into believing the products sold by Defendants are genuine M·A·C products.  Defendants are doing so without any approval or authorization from Plaintiffs and in violation of and infringement of Plaintiffs' rights.

38.    Defendants are fully aware that they are not licensed or authorized by Plaintiffs to advertise, distribute, sell and/or offer to sell M·A·C products.  Defendants are also fully aware that they are not licensed or authorized by Plaintiffs to use any M·A·C IP of M·A·C products, or any advertising or marketing materials or images for actual M·A·C products.

39.    Plaintiffs have obtained the purportedly genuine M·A·C products sold and distributed by Defendants, and have subjected such products to inspection and chemical inspection.   Plaintiffs' testing of Defendants' counterfeit products have resulted in confirmation that Defendants' products are substantially different than that of Plaintiffs' genuine makeup products.

40.    Prior to commencing this action, Plaintiffs advised GYMO, in writing, of M·A·C's trademark rights and GYMO's infringement thereof, and demanded that Defendants cease their unauthorized conduct.  GYMO ignored M·A·C's request and continue to market and attempt to sell through misuse of M·A·C IP and false and misleading representations that the cosmetic and beauty products are genuine M·A·C products.

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

41.     The Defendants' actions have infringed the Plaintiffs' proprietary and protected marks and the Plaintiffs' rights in trade dress and proprietary marketing materials. The Defendants' actions have further harmed and will continue to harm the Plaintiffs' brand image, have confused and will continue to confuse consumers who would otherwise consider purchasing genuine M·A·C products from an authorized seller, have diluted and will continue to dilute the value of Plaintiffs' marks, trade dress and products, and have unlawfully diverted sales and business from Plaintiffs, all of which has materially harmed the Plaintiffs and will continue to inflict injury upon Plaintiffs unless and until such action is stopped.

## COUNT I

### (Trademark Counterfeiting and Infringement)

42.     Plaintiffs incorporate paragraphs 1 through 41 above as though fully set forth herein.

43.     Plaintiffs have legally protectable rights and interests in the M·A·C Marks and the products marketed through their use.

44.     Defendants have and are willfully and deliberately promoting and otherwise advertising, offering for sale, selling and/or distributing counterfeit cosmetic and beauty products bearing one or more the highly distinctive and well-known M·A·C Marks.

45.     The M·A·C Marks are strong marks and are associated by the consuming public, both domestically and internationally, with particular cosmetic and beauty products of the Plaintiffs.

46.     The Defendants' unauthorized use of the Plaintiffs' M·A·C Marks and unauthorized marketing, sale and distribution of counterfeit products has been conducted through internet channels that open sales to the same consuming public that would otherwise purchase genuine M·A·C products from M·A·C or its authorized retailers.

47.     Defendants' conduct, including its unauthorized use of the M·A·C Marks is intended and calculated to deceive the consuming public into accepting and purchasing Defendants' products in the mistaken belief that they are genuine M·A·C products and/or

10

that they are manufactured by or with the authority of Plaintiffs, sponsored by, approved by, connected with or sourced from Plaintiffs, or supplied under Plaintiffs' supervision or authorization. Defendants' actions, therefore, have been taken with the intent to deceive the consuming public.

48.     Defendants have knowingly misled and confused the public by advertising, offering for sale, promoting, selling and distributing counterfeit products using, without authority, the identical M·A·C Marks used by Plaintiffs in connection with their genuine beauty and cosmetic products.

49.     Defendants' conduct was committed, and is being committed, with the deliberate purpose and intent of appropriating and trading upon Plaintiffs' good will and the impeccable reputation for quality and desirable products that has been created by Plaintiffs in connection with the M·A·C name and M·A·C Marks.

50.     On information and belief, Defendants' actions were also committed and are being committed with the deliberate intent of deceiving members of the consuming public into believing that the products marketed and sold by Defendants are genuine M·A·C products, and the deliberate intent of diverting sales and corresponding revenue and profits from Plaintiffs.

51.     Defendants are promoting, advertising, selling or offering to sell counterfeit cosmetic and beauty products to the public without the authorization, consent or approval of Plaintiffs.

52.     Defendants' website is also likely to cause confusion, mistake and deception among the public as to the origin and quality of Defendants' counterfeit products. The information on that website is intended to lead consumers to believe that the products advertised, sold and distributed by Defendants are genuine M·A·C products. The information on the website is further deliberately intended to divert sales and their corresponding revenues and profits from Plaintiffs to Defendants.

53.     Defendants' actions are in violation of 15 U.S.C. §1114 and have caused and will continue to cause substantial harm to Plaintiffs.   Plaintiffs are therefore entitled

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

to bring this action pursuant to 15 U.S.C. § 1125 to obtain relief for the harm caused and to be caused by the Defendants' actions.

54.     Defendants' actions are intentional, willful and malicious and were taken without regard for the substantial risk of material harm to Plaintiffs.

## COUNT II

### (Unfair Competition – Trade Dress Infringement)

55.      Plaintiffs incorporate paragraphs 1 through 54 above as though fully set forth herein.

56.     Plaintiffs have legally protectable rights and interests in the Trade Dress used for the M·A·C products and the products marketed through their use.  The Trade Dress gives the Plaintiffs a competitive economic advantage and is of substantial value and importance in the marketing of the genuine M·A·C products.

57.     The Trade Dress used for genuine M·A·C products is associated by the consuming public, both domestically and internationally, with particular cosmetic and beauty products of the Plaintiffs.

58.     Defendants have and are willfully and deliberately promoting and otherwise advertising, offering for sale, selling and/or distributing counterfeit cosmetic and beauty products utilizing the same or substantially and confusingly similar trade dress as that used for genuine M·A·C products.

59.     The Defendants' unauthorized use of the Plaintiffs' Trade Dress and unauthorized marketing, sale and distribution of counterfeit products has been conducted through internet channels that open sales to the same consuming public that would otherwise purchase genuine M·A·C products from M·A·C or its authorized retailers.

60.     Defendants' conduct, including its unauthorized use of the protected Trade Dress for genuine M·A·C products is intended and calculated to deceive the consuming public into accepting and purchasing Defendants' products in the mistaken belief that they are genuine M·A·C products and/or that they are manufactured by or with the authority of Plaintiffs, sponsored by, approved by, connected with or sourced from Plaintiffs, or supplied

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

under Plaintiffs' supervision or authorization.  Defendants' actions, therefore, have been taken with the intent to deceive the consuming public.

61.     Defendants have knowingly misled and confused the public by advertising, offering for sale, promoting, selling and distributing counterfeit products using, without authority, Plaintiffs' Trade Dress in connection with their genuine beauty and cosmetic products.

62.     Defendants' conduct was committed, and is being committed, with the deliberate purpose and intent of appropriating and trading upon Plaintiffs' good will and the impeccable reputation for quality, valuable, and desirable products that has been created by Plaintiffs in connection with the M·A·C name and its Trade Dress.

63.     On information and belief, Defendants' actions were also committed and are being committed with the deliberate intent of deceiving members of the consuming public into believing that the products marketed and sold by Defendants are genuine M·A·C products, and the deliberate intent of diverting sales and corresponding revenue and profits from Plaintiffs.

64.     Defendants have used and are using Plaintiffs' Trade Dress to promote, advertise, sell or offer to sell counterfeit cosmetic and beauty products to the public without the authorization, consent or approval of Plaintiffs.

65.     Defendants' website is also likely to cause confusion, mistake and deception among the public as to the origin and quality of Defendants' counterfeit products.  The information on that website is intended to lead consumers to believe that the products advertised, sold and distributed by Defendants are genuine M·A·C products.  The information on the website is further deliberately intended to divert sales and their corresponding revenues and profits from Plaintiffs to Defendants.

66.     Defendants' actions are in violation of Plaintiffs' rights to protect their Trade Dress for the relevant M·A·C products and the Plaintiffs are therefore entitled to bring this action pursuant to Section 43(a) of the Federal Lanham Act, 15 U.S.C. § 1125(a) to obtain relief for the harm caused and to be caused by the Defendants' actions.

67.    Defendants' actions are intentional, willful and malicious and were taken without regard for the substantial risk of material harm to Plaintiffs.

## COUNT III

### (False Designation of Origin)

68.    Plaintiffs incorporate paragraphs 1 through 67 above as though fully set forth herein.

69.    Defendants have advertised counterfeit products bearing one or more of the M·A·C Marks and the Trade Dress associated with genuine M·A·C products.

70.    Defendants have sold counterfeit products bearing one or more M·A·C Marks and using the Trade Dress of genuine M·A·C products.

71.    Defendants' counterfeit products are visually virtually identical and/or substantially and confusingly similar in appearance to Plaintiffs' products and Defendants even go so far as to use actual M·A·C marketing materials on their website.

72.    Plaintiffs have conducted extensive testing on Defendants' counterfeit products.  The products, along with their packaging, are indeed counterfeit.

73.    Defendant's unauthorized advertising, promotion, offer for sale, sale, and distribution of its goods and services using the M·A·C IP is likely to cause and has caused confusion, mistake, or deception of the public, and to deceive the public into believing that Defendants' counterfeit products originate with, or are sponsored by Plaintiffs, are offered with the approval of Plaintiffs, or are offered under Plaintiffs' supervision and control.  As a result, consumers may mistakenly believe that Defendants' products are sponsored by, affiliated with, associated with, or otherwise connected with Plaintiffs.

74.    Defendants have used false designations of origin, false descriptions, false representations, including works, symbols and other trade dress which falsely describe and falsely represent the goods.

75.    Defendants have caused the counterfeit goods to enter the stream of commerce and have done so with full knowledge of the falsity of the designations.

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

76.     Defendants have falsely represented to consumers that the products sold by them are genuine.

77.     Defendants' actions entitle Plaintiffs to bring this action pursuant to 15 U.S.C. 1125(a) and to obtain relief for the harms caused and to be caused by the Defendants' actions.

78.     Defendants' actions have and continue to cause substantial harm to Plaintiffs.

### COUNT IV

### (Violation of A.R.S. § 44-1453(A) – Counterfeit Marks)

79.     Plaintiffs incorporate paragraphs 1 through 78 above as though fully set forth herein.

80.     Plaintiffs own the M·A·C Marks, all of which have been federally registered.

81.     Defendants, with the intent to sell the products, have and continue to use and possess items that bear counterfeit marks of the M·A·C Marks in advertisements and offers for sale.

82.     As a result of Defendants' conduct, Plaintiffs have suffered damages and Defendants have acquired profits at Plaintiffs' expense.

83.     Defendants' conduct constitutes unlawful use of counterfeit marks of the M·A·C Marks pursuant to A.R.S § 44-1453(A).

84.     Accordingly, Plaintiffs are entitled to recover up to treble damages and the costs of this lawsuit, including reasonable attorneys' fees pursuant to A.R.S § 44-14531(J).

### COUNT V

### (Violation of A.R.S § 44-1448.01 – Injury to Business Reputation; Dilution)

85.     Plaintiffs incorporate paragraphs 1 through 84 above as though fully set forth herein.

86.     Plaintiffs or their affiliated companies own the M·A·C Marks, all of which have been federally registered.

87.     Plaintiffs are leading producers of beauty and cosmetic products and their marks are famous.

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

88.     Defendants' use of the M·A·C Marks occurred after the marks became famous and Defendants have diluted and continue to cause dilution of the distinctive quality of the M·A·C Marks.

89.     Defendants' conduct constitutes injury to Plaintiffs' impeccable business reputation and dilution of the famous M·A·C Marks pursuant to A.R.S. § 44-1448.01(A).

90.     As a result of Defendants' conduct, Plaintiffs have suffered and will continue to suffer damages and Defendants have acquired profits at Plaintiffs' expense.

91.     Defendants' conduct has caused Plaintiffs irreparable harm.  Unless enjoined permanently, Defendants' conduct will continue to injure Plaintiffs' business reputation and cause dilution of the M·A·C Marks.

92.     Upon information and belief, Defendants' conduct has and continues to be committed deliberately and with willful intent to trade on Plaintiffs' reputation and causes dilution of the famous M·A·C Marks and reaps the benefits of good will associated with the M·A·C Marks.

93.     As a result of Defendants' conduct, Plaintiffs are entitled to the remedies provided in Title 44, Chapter 10 pursuant to A.R.S § 44-1448.01(B).

## COUNT VI

### (Common Law Trademark Infringement)

94.     Plaintiffs incorporate paragraphs 1 through 93 above as though fully set forth herein.

95.     Plaintiffs or their affiliated companies own the M·A·C Marks, all of which have been registered federally.   Plaintiffs or their affiliated companies are also the owners of all common law trademark rights in the M·A·C Marks.  The Plaintiffs are therefore entitled to enforce common law trademark rights in the M·A·C Marks.

96.     Defendants' unauthorized advertising, promotion, offer for sale, sale and distribution of counterfeit products using the M·A·C Marks is likely to cause confusion, or to cause mistake, or to deceive the public into believing that Defendants' goods are genuine, originate with, or are sponsored by Plaintiffs, are offered with the approval of Plaintiffs, or are

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

offered under Plaintiffs' supervision and control. As a result, consumers may mistakenly believe that Defendants' goods are sponsored by affiliated with, associated with, or otherwise connected with Plaintiffs. On information and belief, such confusion and mistakes have been caused by the Defendants' actions and will continue to be caused thereby.

97. Defendants have willfully and deliberately made a false designation of affiliation, connection, origin, sponsorship or approval by Plaintiffs and false representation in commerce by advertising, offering for sale and promoting their goods using the M·A·C Marks.

98. Defendants' conduct is calculated to deceive consumers into accepting and purchasing Defendants' goods in the mistaken belief that they are Plaintiffs' goods or that they are sponsored by Plaintiffs, connected with Plaintiffs or supplied under Plaintiffs' supervision.

99. Defendants have knowingly mislead and confused consumers by advertising, promoting, offering for sale, selling and/or distributing its goods and by reducing, counterfeiting, copying and colorably imitating the M·A·C Marks used by Plaintiffs in connection with its beauty and cosmetic products.

100. Defendants' conduct was committed, and is being committed, with the deliberate purpose and intent of appropriating and trading upon Plaintiffs' good will and reputation, and diverting sales and corresponding revenue and profits from Plaintiffs to Defendants.

101. Defendants' conduct is likely to deceive and cause confusion to consumers and constitutes a false designation of designation of affiliation, connection, origin, sponsorship or approval by Plaintiffs and false representation in commerce in violation of the common law. As a direct result of Defendants' conduct, Plaintiffs have suffered damages and Defendants have profited at Plaintiffs' expense.

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

**COUNT VII**

**(Unfair Competition Under Arizona Common Law)**

102.    Plaintiffs incorporate paragraphs 1 through 101 above as though fully set forth herein.

103.    As set forth above, the M·A·C IP is indicative of origin, relationship, sponsorship and association with Plaintiffs.

104.    The M·A·C IP is widely recognized by the general public.

105.    Defendants' use of the M·A·C IP in connection with the advertising and sale of counterfeit products creates a likelihood of confusion or deception of the public as to the source of the counterfeit products and creates a false impression of manufacture, sponsorship, authorization or affiliation by Plaintiffs.

106.    Defendants' actions violate Plaintiffs' common law rights and constitute unfair competition.

107.    Defendants acted fraudulently and maliciously and with willful disregard of Plaintiffs' rights.  Defendants' actions were therefore taken in callous disregard of the substantial risk of material harm to Plaintiffs, and Plaintiffs are entitled to recover punitive or exemplary damages in an amount sufficient to punish the Defendants and to deter others from similar future conduct.

108.    As a direct and proximate consequence of Defendants' actions, Plaintiffs have and continue to suffer irreparable injury.

**COUNT VIII**

**(Unjust Enrichment)**

109.    Plaintiffs incorporate paragraphs 1 through 108 above as though fully set forth herein.

110.    As a result of their conduct as described in this Complaint, the Defendants have been enriched.   As a result of the Defendants' conduct the Plaintiffs have suffered a detriment.

111.   The Defendants have unjustly retained a benefit to Plaintiffs' detriment and continue to do so, causing damages to Plaintiffs.  Defendants' retention of this benefit violates the fundamental principles of justice, equity, and good conscience and Plaintiffs therefore are entitled to just compensation under the common law of this state.

## COUNT IX

### (Intentional Interference with Business Expectancies)

112.   Plaintiffs incorporate paragraphs 1 through 111 above as though fully set forth herein.

113.   At all material times the Defendants were aware that the Plaintiffs were and are in the business of marketing and selling cosmetic and beauty products that include products using the M·A·C IP, and Defendants were further aware that Plaintiffs did in fact enjoy contractual relationships with other parties, including retailers and other purchasers of the genuine M·A·C products.  The Defendants were aware that the Plaintiffs had business expectancies for the continued sale of genuine M·A·C products.

114.   The Defendants' actions as described herein were intended to interfere with business expectancies of the Plaintiffs of which the Defendants were aware.

115.   The Defendants' actions were wrongful and improper for all the reasons set forth above, including but not limited to because they were intentionally deceptive and intentionally violated the common law and statutory rights of the Plaintiffs to protection of the M·A·C IP and the goodwill and competitive advantage associated therewith.

116.   The Defendants' actions have interfered with and are calculated to continue to interfere with business expectancies of the Plaintiffs.

117.   The Defendants' actions have in fact interfered with the business expectancies of the Plaintiffs and have caused the Plaintiffs material harm.  The Plaintiffs are entitled to a judgment against the Defendants in an amount appropriate to compensate the Plaintiffs for the harm caused to them by the Defendants.

118.   The Defendants' actions were malicious and were taken with callous disregard of the substantial risk of material harm to Plaintiffs, and Plaintiffs are entitled to recover

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

punitive or exemplary damages in an amount sufficient to punish the Defendants and to deter others from similar future conduct.

## COUNT X

### (Cybersquatting under the Anti-cybersquatting Consumer Protection Act)

119.   Plaintiffs incorporate paragraphs 1 through 118 above as though fully set forth herein.

120.   Defendants' domain name, www.getyourmacon.com ("Infringing Domain Name"), is confusingly similar to the M·A·C Marks, which were distinctive and/or famous at the time Defendants registered the Infringing Domain Name.

121.   Defendants have registered and used the Infringing Domain Name with a bad faith intent to profit from the M·A·C Marks, namely by using the Infringing Domain Name to host the website where they sell counterfeit products.

122.   Defendants have no trademark or other intellectual property rights in the Infringing Domain Name.

123.   Defendants' activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

124.   Plaintiffs have no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury to their goodwill and reputation.

125.   Defendants are causing and will continue to cause substantial injury to the public and to Plaintiffs, and Plaintiffs therefore are entitled to injunctive relief, including an order requiring transfer of the Infringing Domain Name to Plaintiffs and to recover maximum statutory damages. In light of the egregious and exceptional nature of Defendants' conduct, Plaintiffs are further entitled to reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment in favor of Plaintiffs and against Defendants as follows:

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255

A.     Permanently enjoining Defendants, their officers, employees, shareholders, owners, agents, representatives and all those acting in concert or participating with the Defendants from: 1) manufacturing, advertising, marketing, promoting, offering to sell, selling, importing, exporting, storing, maintaining, or distributing in any way any counterfeit M·A·C goods or products; 2) infringing, counterfeiting, or diluting the M·A·C Marks, M·A·C products and the Trade Dress used by the Plaintiffs to package, promote, sell or distribute genuine M·A·C products; 3) using or employing any M·A·C IP that may be calculated to falsely advertise any products of Defendants as being manufactured, approved, authorized and/or sponsored by or in any way associated with Plaintiffs; 4) falsely conveying that the Defendants or any of their products are associated with or sponsored by Plaintiffs; 5) utilizing any websites or other internet advertising that incorporate any of the M·A·C Marks; and 6) from further infringing on any of the M·A·C IP;

B.     Pursuant to 15 U.S.C. § 1116, requiring Defendants to file with the Court, and serve on Plaintiffs, a written report under oath detailing the manner in which Defendants have complied with the injunction entered by the Court;

C.     Requiring Defendants to forfeit all counterfeit goods currently within their possession, custody or control;

D.     Requiring Defendants to identify the source of the counterfeit M·A·C products they are selling and offering to sell;

E.     Requiring Defendants to disable the Infringing Domain Name and to transfer all rights associated with the website to Plaintiffs;

F.     Requiring the Defendants to account for and pay to Plaintiffs all actual, compensatory, consequential or incidental damages of the Plaintiffs including without limitation all profits lost by Plaintiffs or made by Defendants as a result of Defendants' trademark and/or trade dress infringement, counterfeiting and unfair competition activities, which amount(s) shall be trebled, as appropriate, pursuant to 15 U.S.C. §1117;

G.     Awarding Plaintiffs, in the alternative, statutory damages of $2,000,000 per each counterfeit M·A·C Mark used and product sold, pursuant to 15 U.S.C. §1117(c)(2);

H.     Awarding Plaintiffs' treble damages, as appropriate, pursuant to A.R.S. § 44-1453(J);

I.     Awarding Plaintiffs their reasonable attorneys' fees and costs as authorized by law;

J.     Awarding Plaintiffs pre- and post-judgment interest, from the earliest dates and at the highest rates allowed for by law; and

K.     Awarding Plaintiffs such other and further relief at law or in equity as the Court deems just and proper.

DATED this 28th day of March, 2013.

BADE BASKIN RICHARDS PLC


By /s/ Alexandra Mijares Nash
   William A. Richards
   Alexandra Mijares Nash
   *Attorneys for Plaintiffs Estée Lauder Cosmetics,*
   *Ltd. and Make-Up Art Cosmetics, Inc.*

BADE BASKIN RICHARDS PLC
80 East Rio Salado Parkway, Suite 511
Tempe, Arizona 85281
Telephone 480-968-1225
Facsimile 480-968-6255